## WHITNEY v. COOK.

1. Under amended Rule 6 the plaintiff in error, or the appellant, may, with a motion to dismiss the writ of error or the appeal, unite a motion to affirm the judgment or the decree; but where there is no color of right to a dismissal, the case being clearly within the jurisdiction of this court, a motion to affirm merely will not be sustained.
2. The court declares that it will by the assessment of damages suppress the evil of resorting to its jurisdiction upon frivolous grounds.

ERROR to the Circuit Court of the United States for the Southern District of Mississippi.

Motion to affirm the judgment of the court below.

Mr. *Philip Phillips* in support of the motion.
Mr. *Thomas J. Durant, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a motion to affirm only. Our amended Rule 6 allows a motion to affirm to be united with a motion to dismiss. This implies that there shall appear on the record at least some color of right to a dismissal. That is not pretended in this case. We are therefore compelled to deny the motion. Our experience teaches that the only way to discourage frivolous appeals and writs of error is by the use of our power to award damages, and we think this a proper case in which to say that hereafter more attention will be given to that subject, and the rule enforced both according to its letter and spirit. Parties should not be subjected to the delay of proceedings for review in this court without reasonable cause, and our power to make compensation to some extent for the loss occasioned by an unwarranted delay ought not to be overlooked.