RACHAEL L. M. NIXON *v.* CITY OF BILOXI.

1. MUNICIPALITIES. *Tax sales. Place for. Code* 1892, § 3022.

   A municipal tax sale is invalid when the municipal authorities have failed to designate a place for making the same, as required by code 1892, § 3022.

2. SAME. *Injunctions. Dissolution. Counsel fees as damages.*

   A municipality defending by its attorney, whose annual salary is his only compensation for the service, is not entitled to counsel fees, by way of damages, on the dissolution of an injunction.

FROM the chancery court of Harrison county.
HON. NATHAN C. HILL, Chancellor.

Miss Nixon, the appellant, was the complainant in the court below; the city of Biloxi, the appellee, was defendant there. The object of the bill was to enjoin a sale of land for delinquent municipal taxes, and the relief was asked on several grounds. A preliminary injunction was granted. The averments of the bill attacking the assessment and the increase in the valuation of the property were not proved. The charge that the municipal authorities had not designated a place within the city at which tax sales should be made was not denied by the answer. The decree appealed from dissolved the injunction, and, notwithstanding the city defended by its salaried attorney and paid no counsel fees, the court below allowed fifty dollars by way of damages on account of such fees. The complainant appealed to the supreme court.

*E. M. Barber*, for appellant.

The court will notice that the bill charges that the mayor and board of aldermen failed to designate a place at which the tax collector should sell such lands for taxes as were delinquent, and the allegation was not denied by defendant's answer, neither was it denied by proof. Code of 1892, § 3022.

The authorities are uniform in holding that such statutes are mandatory, and the observance of same a condition precedent to a valid sale of land for taxes. Black on Interpretation of Laws, 352.

The court erred in allowing defendant attorney's fees as part of the damage on the dissolution of the injunction, for the reason that counsel for the city of Biloxi was employed by the year, and in 1897 the city attorney was to receive $500 per year, in 1898 he was to receive $50 per month, and in 1899 he was employed at $500 per year.

Mr. High, on "Injunctions," sec. 1688, says: "The court should allow only a fair and reasonable compensation for money actually paid to counsel, or for a liability fairly and honestly incurred in procuring the dissolution. And where no counsel

fees have been paid the defendant, a municipal corporation, defending by its salaried attorney, without fee for his services, no counsel fees should be allowed." *Uhrig* v. *St. Louis*, 47 Mo., 528; *Wilson* v. *Webber*, 3 Bradw., 125.

*White & Neville*, for appellee.

The only irregularity alleged in the bill is the charge that there was no legal meeting of the board when the assessment was raised, and the charge that no notice was given. The record shows that both propositions were unfounded.

We submit that even if the city had an attorney at a fixed salary to defend all suits against the city (including this suit), it will be entitled to reasonable fees. But should the court be of the opinion that the city could not recover attorney's fees, we are willing, and now offer, to remit the fifty dollars allowed for attorney's fees, and ask that the judgment be affirmed, with said sum remitted.

WHITFIELD, J., delivered the opinion of the court.

No counsel fees should have been allowed as damages. The attorney of the city was a salaried officer under annual contract. The city suffered no damage as to fees. This is settled law. 2 High on Inj., sec. 1688.

Counsel for appellee, anticipating this ruling, offer to remit, and ask us to affirm. Ordinarily we would do so, but cannot in this case, because of the allegation in the sworn bill that the mayor and board of aldermen had not directed the tax collector at what place to sell, as required by § 3022, code of 1892. This allegation, strangely, is not denied by the answer, nor in any way referred to. Nor is there anything in the testimony referring to it. We regret the necessity of reversing the case on this ground, since all the other contentions of the bill are untenable, the assessment and the increase in valuation being perfectly valid. But we feel safer in reversing the decree for the two errors indicated, and reinstating the injunction, with

leave to both parties to amend, so that the matter may be fully investigated and full justice done.

*So ordered.*