## COLUMBIAN IRON WORKS *v.* TOWN OF DECATUR.

(Division A.   Feb. 4, 1935.)

[159 So. 97.   No. 31527.]

**Bozeman & Cameron,** of Meridian, for appellant.

W. M. Everett, of Decatur, for appellee.

Argued orally by **A. S. Bozeman**, for appellant.

**McGowan, J.**, delivered the opinion of the court.

The appellant brought this suit in the county court of Newton county against the town of Decatur, in an action at law to recover, upon open account, the sum of six hundred eighty-one dollars and sixty cents less a payment to it by the town of one hundred dollars, or a balance of five hundred eighty-one dollars and sixty cents. The account was sworn to.

On behalf of the appellee, there was a plea of the general issue and an affidavit denying the account.

Upon the hearing, at the conclusion of the appellant's motion to exclude the evidence, the court sustained said motion and entered a judgment for the appellee and against the appellant for costs. The cause was appealed from the county court to the circuit court and there affirmed, and appeal is prosecuted here.

The case was evidently presented in the court below, as it is here, on the theory that there was no liability because the proof did not sustain an express contract, and that the town was not liable upon an implied contract.

It is asserted here by the appellant, first, that there was an express contract; and, second, that the town was liable on a quantum meruit upon an implied contract.

The minutes of the mayor and board of aldermen of the town of Decatur show that it was expressly agreed, prior to April 4, 1929, that resolutions had been passed, under the statute providing therefor, for the consideration of a waterworks and sewer system in the town, and that plans and specifications had been adopted therefor, and that such plans and specifications provided for hydrants and valves of the number and kind furnished by the plaintiff in the court below, and that such hydrants and valves were actually used in said waterworks system. The minutes also show that the mayor and aldermen received sealed proposals for such materials and labor as would be necessary for the construction of said system, as appears on page 269 of the minute book of the town of Decatur, and that the advertisement for said sealed proposals was duly published in the Newton Record. This published notice recites that the plans and specifications were on file. The minutes further show that on the day fixed in the notice, April 25, 1929, the mayor and board of aldermen of the town of Decatur had before them the bids submitted for the various items mentioned in the plans and specifications, and that they were tabulated and canvassed, and several bidders

awarded contracts. The contract for the valves and hydrants mentioned in the plans and specifications was awarded to the Columbian Iron Works. The number, quality, and price were not mentioned in this order or resolution. The bid of the iron works was in conformity with the plans and specifications, the original of which was before the mayor and board. There was no copy thereof upon the minutes, but this bid showed it was in conformity with the items sued for. A carbon copy of the original was offered in evidence, and there was no objection thereto by the town.

It seems to be the contention of the appellee that there was no express contract for the reason that the prices of the articles furnished to the town by the appellant, and confessedly appropriated and used by said town in its public construction plan, were not on the minutes, the price being a material element of a contract, and neither did the minutes show the number of the hydrants and valves.

The only question really presented is, Was this bid in writing submitted by the iron works competent, and could it be looked to in the establishment of an express contract? There could be no doubt if this written bid submitted to the mayor and aldermen, and upon which they awarded the contract to the appellant, can be looked to in addition to the minutes. If so, then there is an express contract, and the town is liable.

In the case of Dixon v. Greene County, 76 Miss. 810, 25 So. 665, it is settled that plans and specifications adopted by a board, and on file and referred to as such, need not be copied on the minutes, but may be looked to as part of the record. So that, in the case at bar, the number and kind of hydrants and valves may be ascertained from the plans and specifications. All the papers referred to, and before a board, and adopted by them, constitute a part of the same transaction, and are in fact the acts of the board.

We construed this to be the holding of the court in the case of Marion County v. Foxworth, 83 Miss. 677, 36 So. 36.

We think, therefore, that the court below erred in excluding the evidence offered by the appellant, and on that evidence an express contract was established. Having reached that conclusion, we deem it unnecessary, at this time to determine whether or not a municipality may be held liable, under the existing statutes, upon an implied contract. The judgment of the court below, therefore, will be reversed, and the cause remanded.

Reversed and remanded.