## MAY DEPARTMENT STORES CO. v. REYNOLDS.

### No. 12721.

Circuit Court of Appeals, Eighth Circuit.

Feb. 28, 1944.

James E. Garstang, of St. Louis, Mo. (Carter, Bull & Garstang, of St. Louis, Mo., on the brief), for appellant.

Jesse W. Barrett, of St. Louis, Mo. (Joseph J. Howard, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is the second time this personal injury case has come before this court for review. Upon the first trial, the District Court directed a verdict for the defendant, May Department Stores Company. The plaintiff appealed, and this court reversed upon the ground that, under Missouri law, the case should have been submitted to the jury for determination. Reynolds v. May Department Stores Co., 8 Cir., 127 F.2d 396, certiorari denied 317 U.S. 639, 63 S.Ct. 31. Upon the retrial of the case, the District Court submitted it to the jury, which returned a verdict in favor of the plaintiff for $2,500. The defendant has appealed, contending that, under Missouri law, the case should not have been submitted to the jury. It is also asserted that the trial court erred in its instructions.

The principal question for decision is whether the evidence upon the second trial differed sufficiently from the evidence on the first trial to make the previous ruling of this court in this case inapplicable. This question must, we think, be answered in the negative.

The facts out of which this controversy arose are stated in the former opinion of this court, and will not be repeated. It is enough to say that the plaintiff, when four

years of age, on February 17, 1938, was with his mother upon an escalator in the defendant's department store in St. Louis; that as they approached the top of the escalator, the plaintiff fell forward with his hands outstretched; that one of the fingers of his right hand passed into an aperture between the teeth or tines of the comb-plate, under which the steps of the escalator moved, and was torn off. His hand was injured in other respects. The plaintiff asserted in his complaint that his injuries were attributable to the defendant's negligence. The defendant denied that it was negligent in any respect.

The defendant contends that, upon the second trial, it conclusively appeared: (1) that the handrails of the escalator furnished usable support for a child of the plaintiff's height; (2) that the plaintiff was on the third step from the top of the escalator when he fell, and that the step in front of him was only two and one-half inches high, and not almost up to his knees as the former opinion of this court stated; (3) that he did not press forward and fall over a high step; and (4) that an attendant could have done nothing to prevent the injury, since the escalator could not have been stopped before the plaintiff's hand reached the comb-plate, and he was attended by his mother, who was entirely familiar with the escalator.

■■ Whether the handrails of the escalator—which the evidence shows were at a height best adapted for their use by the average adult, and about the height of the plaintiff's head—furnished adequate support for a child of the age and height of the plaintiff, was a question of fact. The evidence does not definitely disclose on what step the plaintiff was standing when he fell. His mother's testimony places him on "about the third step from the top." The physical facts as to his height and the way in which he fell would have justified an inference that he was farther away than the third step from the comb-plate at the time of his fall, and, if he was, the height of the step in front of him may have been to his knees. Whether he fell over a step because of its height or whether his fall was due to some other cause, we do not regard as of controlling importance. Whether an attendant (if one had been present) at the top of the escalator could have stopped the escalator in time to have prevented this accident, was not, we think, a question of law for the court, but a question of fact for the jury. The answer to that question would depend upon where the jury found that the plaintiff was when he fell and upon how far the jury determined that the escalator would have traveled after the stop-button was pushed.

This court ruled, in substance, in its opinion on the first appeal, that, under the law of Missouri, it was for the jury to determine whether this escalator, constructed and operated as it was at the time of the accident, was a safe instrumentality for the use of this four year old boy attended by his mother, and whether, in permitting its use by the plaintiff, the defendant had exercised toward him care commensurate with the risk to which he was subjected. The argument which the defendant makes to us about the inadequacy of the evidence to justify a finding of negligence should have been, and doubtless was, made to the jury at the trial.

■ We find no merit in the defendant's criticism of the court's charge. The court instructed the jury, in substance, that if they found that the escalator was dangerous for small children and that its dangers could not be guarded against by having attendants at the top and bottom of the escalator, the jury could consider whether the defendant was negligent in permitting small children attended by parents to use the escalator, and that if they found that the plaintiff's injury was due to a want of proper care in that regard, the plaintiff was entitled to recover. This instruction was warranted by the former opinion of this court (see page 397 of 127 F.2d). A District Court cannot be reversed for following the law established by this court upon a prior appeal; nor will one division of this court consciously overrule a decision made by another division in the same case, except for the most cogent reasons and under most unusual circumstances. Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 123 F.2d 215, 220, and cases cited.

■ The plaintiff asks that, in affirming the judgment in this case, we award ten per cent of the amount of the judgment as damages, under our Rule 21(b), on the ground that the appeal is without merit and appears "to have been taken merely for delay." See also 28 U.S.C.A. § 878.

We do not question the good faith of counsel for the defendant in taking this appeal or the sincerity of his belief that

the evidence does not adequately sustain the verdict of the jury. We think, however, that, in view of the fact that the opinion of this court on the former appeal had, for all practical purposes, settled the law of the case, this litigation should have ended when the verdict was returned. We shall, therefore, add $250 to the amount of the judgment. As the Supreme Court said in Whitney v. Cook, 99 U.S. 607, 25 L.Ed. 446, "Parties should not be subjected to the delay of proceedings for review in this court without reasonable cause, and our power to make compensation to some extent for the loss occasioned by an unwarranted delay ought not to be overlooked."

The judgment is affirmed, and $250 is added as damages for the delay occasioned by the appeal.