ETHRIDGE, Chief Justice.
Involving statutory interpretation, the issue is whether a county prosecuting attorney is entitled to receive a separate fee for trying a suit by the County Welfare Department to determine paternity of a child and to require support payments by his father, where the fee is collectible only from the father of the illegitimate child.
This action was brought by the Hinds County Welfare Department against James Sparkman under the Uniform Act on Paternity. Miss.Code 1942 Ann. §§ 383-01 to 383-27 (Supp.1970). The County Court of Hinds County found that Sparkman was the father of his two minor children born out of wedlock, that they had become public charges of the State and were receiving financial assistance under the State’s Aid to Dependent Children Program. It ordered that defendant pay $40 a month for their support and an attorney’s fee to the county attorney of $75 for the bringing of this action. Sparkman, appealing solely as to the attorney’s fee, asserts that there is no statutory authority for its allowance against him.
As authorized by Mississippi Code 1942 Annotated section 7174(j) and (k) (Supp. 1970), the Hinds County Prosecuting Attorney, Paul Alexander, entered into a contract with the State Department of Public Welfare, by which it was agreed that the department would pay out of funds collected in paternity suits any attorney’s fee as ordered by the court, contingent upon collection in that particular case, and that if no fees are allowed or collected, the department would have no obligation. Under Code section 383-19, Mississippi Code 1942 Annotated (Supp.1970), a county attorney is required to prosecute cases relating to natural children where the complainant is a public welfare agency, and he would receive compensation for his services “not to exceed the sum of one hundred dollars ($100.00) for any one month, in addition to compensation provided otherwise, out of the county treasury upon an order of the county, circuit, or chancery judge. >{c ;]< f)
Code section 383-20 states :
If the court makes an order of filiation, declaring paternity and for the support and maintenance, and education of the child, court costs, including the cost of the legal services of the attorney representing the petitioner, expert witness fees, the court clerk, sheriff and other costs shall be taxed against the defendant.
These statutes authorize the county court to provide for a fee for the county attorney in a case of this nature, collectible solely from the defendant, the putative father.
Code section 4164 provides an annual salary for the county prosecuting attorney. Sections 3915 and 3916 construed in conjunction with section 3920, directs the county attorney to assist the district attorney in all civil cases where the services of the latter are required in which the state or county is interested. However, Code section 7174(j) and (k) further authorizes the county attorney to contract with the State Department of Public Welfare with reference to “financial arrangements * * * to assure optimum results under such program * *
The Legislature apparently concluded that, although the county attorney receives $100 per month to prosecute paternity cases, in many of them there would be no collection of judgments against fathers of illegitimate children, so in section 383-19 the $100 provision was stated to be “in addition to compensation provided otherwise *560 * * The Legislature apparently thought that it would be fair and equitable to require the defendant in paternity proceedings to pay his part of court costs, including “the cost of the legal services of the attorney representing the petitioner * * Section 383-20. This is a legislative question. It is not an instance where a salaried officer of a governmental agency has been allowed by the court an additional fee for services which he is already being paid to handle. Hence Nixon v. City of Biloxi, 76 Miss. 810, 25 So. 664 (1899), is not pertinent. See Annot., 40 A.L.R.2d 961 (1955).
Affirmed.
RODGERS, BRADY, INZER and HARPER, JJ., concur.