678 F.2d 29
 Carolyn S. SEYLER, Plaintiff-Appellee,
v.
Clifford A. SEYLER, M.D., the State of Mississippi and
Chancellor Kenneth B. Robertson, Senior Judge of
Jackson County Chancery Court,
Defendants-Appellants.
 No. 81-4504
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 June 7, 1982.
 Jim R. Bruce, Asst. Atty. Gen., Jackson, Miss., Karl Wiesenburg, William T. Reed, Pascagoula, Miss., for Clifford A. Seyler.
 C. Everette Boutwell, Laurel, Miss., for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before GEE, GARZA and TATE, Circuit Judges.
 GARZA, Circuit Judge:
 
 
 1
 The refusal of a district court to follow the clear direction of a panel of this Court forces us once again to consider this action. The suit arose from the dissatisfaction of Carolyn Seyler with a state divorce granted her husband Clifford Seyler. She brought suit against him, the state court judge, and the State of Mississippi, with the allegation that the divorce proceedings had violated her federal rights. The district court granted the defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim, but denied their motions for attorneys' fees under 42 U.S.C. § 1988. Both parties appealed to this Court. In Seyler v. Seyler, 652 F.2d 998 (5th Cir. 1981) (unpublished), this Court upheld the dismissal of plaintiff's suit and also held that the trial judge did not abuse his discretion in denying defendants' requests for attorneys' fees. Consistent with the Court's holding that the plaintiff's appeal was "completely frivolous and in bad faith," the cause was remanded "for a determination of reasonable fees for defendants' attorneys' work on this appeal, and on this appeal only." Id. at 5. In the face of this mandate, the district judge refused to award any attorneys' fees, on the grounds that Mississippi law forbade payment of fees to a state official paid a statutory salary and that defendants had failed to give timely notice of their fees as required by Fed.R.App.P. 39(d).[1] That decision was clearly improper.
 
 
 2
 The court below erred in substituting its own views for the considered judgment of this Court. The district court relied on Nixon v. City of Biloxi, 76 Miss. 810, 25 So. 664 (1899), to support the proposition that payment of attorney's fees to a state official is improper. In that case, the Mississippi Supreme Court held that attorney's fees were improperly awarded to a city attorney who successfully defended an action to block sale of property for collection of municipal taxes. The decision is clearly inapposite.[2] The case at bar was not brought under this Court's diversity jurisdiction; consequently, any Mississippi decision regarding trial attorney's fees is not relevant. Furthermore, we are presented here not with a request for attorney's fees for the trial of a case, but for the defense of an appeal characterized by this Court as "completely frivolous and taken in bad faith." Seyler v. Seyler, supra, at 5. Long ago, the Supreme Court recognized that federal courts have a strong interest in discouraging frivolous appeals which are brought in bad faith. In Whitney v. Cook, 99 U.S. 607, 25 L.Ed. 446 (1879), the Court stated, "Our experience teaches that the only way to discourage frivolous appeals and writs of error is by the use of our power to award damages..." Id. Rule 38 of the Federal Rules of Appellate Procedure, which provides penalties for such appeals, incorporates this federal interest.
 
 
 3
 We likewise reject the district court's ruling that the request for attorneys' fees was untimely filed. The district court held that the request for attorneys' fees should have been filed within fourteen days after the entry of the Court of Appeals' judgment. We find that Rule 39(d) encompasses only the usual costs of appeal, such as docketing fees and preparation and filing of briefs and records, and does not include attorney's fees. In reaching this conclusion, we follow the recent Fifth Circuit decision in Robinson v. Kimbrough, 652 F.2d 458 (5th Cir. 1981).
 
 
 4
 Since we are faced here with a judge's refusal to comply with the mandate of a higher court, we must consider the possibility of setting the attorneys' fees ourselves rather than returning the case to the district court. See Davis v. Board of School Commissioners, 526 F.2d 865 (5th Cir. 1976). This route was followed recently by this Court in McGowan v. King, Inc., 661 F.2d 48 (5th Cir. 1981), where the Court found a judge's determination of attorney's fees, after two remands, was "so stingy as to amount to abuse of discretion." Id. at 50. The Court, therefore, set the attorney's fees. Such action is well suited to this case as well.
 
 
 5
 Prior to the district court's hearing on the attorneys' fee issue, counsel for defendants submitted affidavits stating their entitlement to attorneys' fees and properly addressing all the factors set out by this Court in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) to support their claims. Plaintiff filed no counter-affidavit prior to the court hearing on this issue; hence no such pleading appears in the record. However, defendant Seyler has appended to his brief an affidavit by plaintiff's counsel, allegedly served three days after the hearing, which disputes the amount of defendants' requested fees, as well as their entitlement thereto. Since we have all pertinent information before us, we can proceed to make an award of attorneys' fees.
 
 
 6
 Initially, we point out that the appeal for which attorneys' fees is awarded was a very simple matter. Despite this fact, attorneys for defendant Seyler seek fees for 40.25 hours of work and attorney for defendants state of Mississippi and the state trial judge seeks fees for 69.30 hours of work. Given the lack of novelty of the issues involved, we find that 25 hours would surely suffice for proper preparation. As for the amount of compensation to be awarded for each hour of this preparation, we hold that the two attorneys responsible for the vast majority of the work on this appeal, Messrs. Reed and Bruce, shall be paid at a rate of $50 per hour. At the time that the affidavits were submitted, both attorneys had practiced for only a short three year period of time. Mr. Wiensenburg, who did some work for defendant Seyler, has considerable experience and expertise and should therefore be paid at a rate of $75 per hour.
 
 
 7
 We set the fee for Mr. Bruce, who represented both the state and the state trial judge, at $1,250. Mr. Reed, who represented defendant Seyler, shall receive a fee of $1,100, and Mr. Wiesenburg will be awarded a fee of $225.[3] We add to these awards an allowance of $300 each to the two attorneys who worked on the second appeal, and we direct the district court to enter judgment in favor of the defendants and against the plaintiff for $1,625 to defendant Seyler's attorneys and $1,550 to the state's attorney, plus double costs, with interest from the date of judgment.[4]
 
 
 8
 REVERSED.
 
 
 
 [1]
 Rule 39(d) of the Federal Rules of Appellate Procedure:
 Bill of Costs; Objections; Costs to be Inserted in Mandate or Added Later. A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment. Objections to the bill of costs must be filed within 10 days of service on the party against whom costs are to be taxed unless the time is extended by the court. The clerk shall prepare and certify an itemized statement of costs taxed in the court of appeals for insertion in the mandate, but the issuance of the mandate shall not be delayed for taxation of costs and if the mandate has been issued before final determination of costs, the statement, or any amendment thereof, shall be added to the mandate upon request by the clerk of the court of appeals to the clerk of the district court.
 
 
 [2]
 This Court, on a number of occasions, has awarded fees to attorneys who were federally or privately funded. E.g., Taylor v. Sterrett, 640 F.2d 663 (5th Cir. 1981): Watkins v. Mobile Housing Board, 632 F.2d 565 (5th Cir. 1980)
 
 
 [3]
 This Court awards fees for 22 hours of Mr. Reed's time and 3 hours of Mr. Wiesenburg's time
 
 
 [4]
 In making these awards, the authority of King Solomon, acknowledged by this Court in Marston v. Red River Levee and Drainage District, 632 F.2d 466 (5th Cir. 1980), as well as our own knowledge of such matters, serve us well