**Buddy L. SNEAD and Ligaya Snead, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–2326.

United States Court of Appeals, Tenth Circuit.

May 2, 1984.

Buddy L. Snead, pro se.

Ligaya Snead, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard Farber and Bruce R. Ellisen, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from the decision of the tax court granting judgment on the pleadings in favor of the Commissioner. Petitioners brought the underlying action in the tax court for a redetermination of deficiencies assessed for the tax years 1978 and 1979.

Examination of the petition reveals that petitioners have failed to state any nonfrivolous ground for relief. The argument that there is a difference be-

tween federal reserve notes and dollars has been thoroughly considered and rejected in *United States v. Ware*, 608 F.2d 400, 402–04 (10th Cir.1979). Petitioners' contention that the Sixteenth Amendment and the tax statutes apply only to corporations and licensees was thoroughly considered and rejected in *United States v. Stillhammer*, 706 F.2d 1072, 1077–78 (10th Cir.1983).

Petitioners' "jurisdictional" argument is merely a rephrasing of their position that the Sixteenth Amendment does not apply to individuals. The jurisdiction of the court and the scope of the Internal Revenue laws are well settled. *United States v. Stillhammer*, 706 F.2d at 1078; *United States v. Moore*, 692 F.2d 95, 96–97 (10th Cir. 1979); *United States v. Brown*, 600 F.2d 248, 259 (10th Cir.), *cert. denied*, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979).

■ On appeal, petitioners raise the argument that their refusal to pay taxes is based on a "higher law" derived from their religious beliefs. This argument was not presented to the tax court and, therefore, will not be considered on appeal. *Nulf v. International Paper Co.*, 656 F.2d 553, 559 (10th Cir.1981).

One remaining consideration is the Commissioner's request for sanctions against petitioners for bringing a frivolous appeal.

■ Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook*, 99 U.S. 607, 6 Otto 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. 26 U.S.C. § 7482(c)(4) provides that a court of appeals shall have the power to impose damages where the decision of the tax

court is affirmed and it appears that the notice of appeal was filed merely for delay. This court has imposed double costs and attorney's fees for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir.1980). In light of petitioners' timeworn and frivolous arguments, the award of double costs and attorney's fees is justified.

Accordingly, double costs and attorney's fees are hereby imposed against petitioners for the taking of a frivolous appeal. The matter is REMANDED to the United States Tax Court to make the appropriate determinations. The judgment of the tax court is AFFIRMED. The mandate shall issue forthwith.