**Gladwin C. LAMB, Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 83–1899.**

United States Court of Appeals, Tenth Circuit.

May 4, 1984.

Gladwin C. Lamb, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, and John A. Dudeck, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the tax court dismissing the taxpayer's petition seeking a redetermination of deficiencies and determining that deficiencies in income tax and additions to tax are due from the taxpayer for the years 1977, 1978 and 1979. We affirm.

In his petition, the taxpayer alleged that he did not owe any taxes, penalties or interest and that the Commissioner was trying to coerce him into waiving his constitutional rights. In his motion to dismiss an amended petition, he contended that the determinations were arbitrary, that the notice of deficiency was issued without due process and that he was being forced to waive important constitutional rights in his attempt to counter the Commissioner's allegations in the deficiency notice.

The tax court rejected the constitutional arguments in an order entered December 18, 1981. On February 22, 1983, the Commissioner filed a motion to compel production of documents contending that the taxpayer failed to attend a conference scheduled on January 5, 1983, to stipulate facts and also failed to respond to the Commissioner's Request for Production of Documents served on January 7, 1983. The tax court on March 1, 1983, granted the motion to compel production of documents and ordered that documents be furnished on or before March 11, 1983. The court also issued an order to show cause at the hearing scheduled for March 14 why sanctions should not be imposed pursuant to Rule 104(c), United States Tax Court Rules of Practice and Procedure. The hearing scheduled for March 14 was continued to March 21 because the taxpayer failed to appear.

The taxpayer sent a letter to counsel for the Commissioner stating that he would not appear on March 21 and reiterating his constitutional arguments. He also purported to rescind "and cancel, and to render null and void for any and all intents and purposes, each and every one of all forms, requests, and appeals sent or caused to be sent to the United States Tax Court in Washington, D.C., that I might have ever caused to be signed with my name." The taxpayer did not appear on March 21. A hearing was held at which the Commissioner moved for dismissal for failure to prosecute. The tax court on April 19, 1983 entered an order dismissing the taxpayer's petition for failure to properly prosecute. *See* Rule 104(c)(3), United States Tax Court Rules of Practice and Procedure. In addition, the court determined that there were deficiencies in income tax and additions to tax due from the petitioner.

Rule 104(c)(3) states that if a party fails to comply with a court order for the production of documents, the court may dismiss the petition and enter judgment by default. The imposition of such sanctions must be sustained on appeal unless the dismissal constitutes an abuse of discretion. *Steinbrecher v. Commissioner,* 712 F.2d 195 (5th Cir.1983). In light of the facts reviewed above, it cannot be said that the tax court abused its discretion. The taxpayer refused to participate in an informal discovery conference, did not respond to a request for production of documents and did not obey a court order to produce documents. During this time rather than move his case to trial, the taxpayer reiterated his frivolous constitutional claims. Accordingly, the dismissal was not an abuse of discretion. *Steinbrecher v. Commissioner, supra; McCoy v. Commissioner,* 696 F.2d 1234 (9th Cir.1983).

The Commissioner urges that sanc-- tions be imposed on the taxpayer for bringing a frivolous appeal. Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook,* 99 U.S. 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. 26 U.S.C. § 7482(c)(4) provides that a court of appeals shall have the power to impose damages where the decision of the tax court is affirmed and it appears that the notice of appeal was filed merely for delay. This court has imposed double costs and attorney's fees for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.,* 616 F.2d 462, 464 (10th Cir.1980).

In light of the petitioner's timeworn and legally frivolous arguments, the award of double costs and attorney's fees is justified.

Accordingly, double costs and attorney's fees are hereby imposed against the petitioner for the taking of a frivolous appeal. The matter is REMANDED to the United States Tax Court to make the appropriate determinations. The judgment of the tax court is AFFIRMED. The mandate shall issue forthwith.