**John L. CLARK, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–2483.

United States Court of Appeals, Tenth Circuit.

Oct. 5, 1984.

———

John L. Clark, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney and Thomas A. Gick, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an order of the tax court dismissing the appellant's petition seeking a redetermination of deficiencies and determining that deficiencies in income tax and additions to tax are due from the appellant for the years 1980 and 1981.

The appellant contended in his petition in the tax court that the determination of deficiency was arbitrary, that the statutory notice of deficiency was issued without due process and that he would "be forced to waive important rights to either prosecute or defend the Commissioner's allegations of deficiency." The tax court dismissed the petition on the government's motion on the grounds that the appellant failed to state clear and concise assignment of error and clear and concise statements of the facts upon which the assignments of error are based. *See* United States Tax Court Rules of Practice and Procedure 34(b).

The only contention the appellant makes on appeal is that he would be forced to waive his rights under the Fifth Amendment to prove the deficiencies wrong. He does not state any facts that demonstrate that a real and substantial danger of incrimination exists. Rather, he merely asserts that if he proves the deficiencies are wrong, he will be waiving his constitutional rights. His claim is legally frivolous. *Ueckert v. Commissioner*, 721 F.2d 248 (8th Cir.1983); *McCoy v. Commissioner*, 696 F.2d 1234 (9th Cir.1983); *Edwards v. Commissioner*, 680 F.2d 1268 (9th Cir.1982).

The Commissioner urges that sanctions be imposed on the appellant for bringing a frivolous appeal. Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper,*

447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–65, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook,* 99 U.S. (9 Otto) 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. 26 U.S.C. § 7482(c)(4) provides that a court of appeals shall have the power to impose damages where the decision of the tax court is affirmed and it appears that the notice of appeal was filed merely for delay. This court has imposed attorney's fees and double costs for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.,* 616 F.2d 462, 464 (10th Cir.1980).

■ In light of the appellant's timeworn and legally frivolous arguments, the award of attorney's fees and double costs is justified. *See Lamb v. Commissioner,* 733 F.2d 86 (10th Cir.), *on motion for reconsideration,* 744 F.2d 1448 (10th Cir.1984); *Snead v. Commissioner,* 733 F.2d 719 (10th Cir.), *on motion for reconsideration,* 744 F.2d 1448 (10th Cir.1984); *Moulton v. Commissioner,* 733 F.2d 734 (10th Cir.), *on motion for reconsideration,* 744 F.2d 1448 (10th Cir.1984).

Accordingly, attorney's fees in the amount of $500 and double costs are hereby imposed against the appellant for the taking of a frivolous appeal. The judgment of the tax court is AFFIRMED. *See* 10th Cir.R. 17(b).

The mandate shall issue forthwith.