**MONTGOMERY & ASSOCIATES, INC., Petitioner,**

v.

**COMMODITY FUTURES TRADING COMMISSION and Thomson McKinnon Securities, Inc. and Gilbert Kaap, Respondents.**

No. 85–1861.

United States Court of Appeals, District of Columbia Circuit.

Decided April 24, 1987.

---

Joseph Brooks, Washington, D.C., was on respondents' motion for attorneys' fees.

A. Felton Jenkins, Jr. was on petitioner's memorandum in opposition.

Before EDWARDS and BORK, Circuit Judges, and SWYGERT,* Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge BORK.

## ON MOTION FOR ATTORNEY'S FEES

BORK, Circuit Judge:

This case was disposed of on the merits by judgment and memorandum dated November 19, 1986, 804 F.2d 769 (D.C.Cir.), affirming the decision of the Commodity Futures Trading Commission ("CFTC") in favor of respondents Thomson McKinnon Securities, Inc. and Gilbert Kapp (hereafter "Thomson McKinnon"). As a prevailing respondent and appellee, Thomson McKinnon on December 11, 1986 filed a motion for attorneys' fees, which is opposed by petitioner Montgomery & Associates ("Montgomery"). Montgomery claims that Thomson McKinnon's motion was not timely filed. We agree.

The statute permitting fee awards to a prevailing appellee from a CFTC decision states that:

> The appellee shall not be liable for costs in said court. If the appellee prevails, he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs.

7 U.S.C. § 18(e) (1982).

Thomson McKinnon filed its fee request well after the 14–day period from entry of judgment established by Fed.R.App.P. 39(d) for the filing of requests for "costs."[1] Since section 18(e) specifically and expressly requires every attorney's fee "to be taxed and collected as a part of [appellee's] costs," the conclusion seems unavoidable that all fee requests must be

filed in accord with the established deadline for costs. Nothing in the language of Fed. R.App.P. 39(d), and no language elsewhere in Rule 39, enumerates what items are included in "costs" or suggests an exception for attorneys' fees deemed to be costs by statute. And the Supreme Court has indicated that it takes seriously a statutory definition of attorneys' fees as "costs." *See, e.g., Library of Congress v. Shaw,* —— U.S. ——, 106 S.Ct. 2957, 2965, 92 L.Ed.2d 250 (1986) (since 42 U.S.C. § 1988 states that attorney's fee is "part of the costs," fee may not include prejudgment interest); *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ("plain meaning" of § 1988 permits award of attorney's fee as part of the "costs" granted losing party by Fed.R.Civ.P. 68). Indeed, the identification of attorneys' fees with "costs" in section 18(e) is even stronger than their identification in 42 U.S.C. § 1988 (1982), construed by the Supreme Court in *Shaw* and *Chesny,* since section 18(e) requires fees "to be taxed and collected" as part of costs. This language has long been used by Congress in other statutes as well. *See, e.g.,* 47 U.S.C. § 407 (1982) (Communications Act of 1934) (substantially identical language).

In response to Montgomery's defense of untimeliness, Thomson McKinnon cites several decisions of the lower courts that it claims remove attorneys' fee awards from the time limit for bills of costs. None of these decisions changes our conclusion. We briefly note the limited reach of the two cases upon which Thomson McKinnon principally relies. *Seyler v. Seyler,* 678 F.2d 29 (5th Cir.1982), which states that Rule 39(d), the governing rule in this case, "does not include attorney's fees," 678 F.2d at 31, concerned a fee award under Fed.R. App.P. 38, which does not define fees as "costs." *Id. Robinson v. Kimbrough,* 652 F.2d 458 (5th Cir.1981), addressing a fee request under section 1988, stated that Rule 39 "refers only to the usual costs of

---

* Of the United States Court of Appeals for the Seventh Circuit, sitting by designation pursuant to 28 U.S.C. § 294(d) (1982).

1. Fed.R.App.P. 39(d) states:

> A party who desires ... costs to be taxed shall state them in ... [a] bill of costs which the party shall file with the clerk ... within 14 days after the entry of judgment.

appeal." 652 F.2d at 463. But this decision ignored the statutory language of section 1988. Moreover, plaintiffs had asked for attorneys' fees in their complaint, and the court's holding simply found that the clerk's award of costs, which ignored fees, was not equivalent to a denial of fees, which in any event only the court itself could deny. 652 F.2d at 463.

It is true that *Alabama Power Co. v. Gorsuch,* 672 F.2d 1, 5–6 (D.C.Cir.1982), which Thomson McKinnon did not cite, holds that an attorney's fee request under 42 U.S.C. § 7607(f) (1982), which governs certain awards of "costs of litigation (including attorney ... fees)," was not subject to Rule 39(d)'s 14–day period. But the court relied for that proposition on a decision regarding a fee request under a statute distinguishing between costs and fees. *Compare* 672 F.2d at 6 & n. 25 *with Environmental Defense Fund v. EPA,* 672 F.2d 42, 61 (D.C.Cir.1982) (applying 15 U.S.C. § 2618(d) (1982)). Moreover, the statute before the *Alabama Power* panel did not contain the emphatic "taxed and collected as a part of his costs" language that section 18(e) presents to us.

Finally, if an attorney's fee application under section 18(e) is not subject to Rule 39(d)'s 14–day period, it appears that only laches would limit the time for the application's filing. *See Environmental Defense Fund,* 672 F.2d at 61 (where statute expressly distinguishes attorney's fee from costs, no time limitation except by "traditional equitable principles"). Yet a likely purpose of a statutory requirement that the fee be "taxed and collected" together with other costs would be the speedy disposition of fee requests.[2] This purpose would be defeated if Rule 39(d) does not govern the timeliness of a request. For these reasons, we conclude that Thomson McKinnon's motion for attorneys' fees was subject to Rule 39(d)'s 14–day time limit. The motion is

*Denied.*

---

2. We note that nothing in the legislative history of § 18(e) provides an explanation of the purpose of this language or otherwise discusses it. *See* S.Rep. No. 1131, 93d Cong., 2d Sess. 30 (1974), U.S.Code Cong. & Admin.News 1974, p. 5843 (repeating without explanation the pertinent language of § 18(e)).