**Irwin SCHIFF, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**Cal. No. 439, Docket 84–4082.**

United States Court of Appeals, Second Circuit.

Argued Nov. 27, 1984.

Decided Dec. 20, 1984.

Benson A. Snaider, New Haven, Conn., for petitioner-appellant.

Raymond Hepper, Tax Division, Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Ann Belanger Durney, Attys., Tax Division, Dept. of Justice, Washington, D.C., of counsel), for respondent-appellee.

Before TIMBERS, VAN GRAAFEILAND and PIERCE, Circuit Judges.

PER CURIAM:

Irwin Schiff appeals from an order of the United States Tax Court (Hamblen, *J.*)

which dismissed his petition for redetermination of income tax deficiencies for the years 1974 and 1975 and upheld the Commissioner's assessment of additions to tax for failure to pay estimated tax, 26 U.S.C. § 6654, and fraudulent underpayment, *id.* § 6653(b).

Appellant essentially urges this Court to reverse the decision of the tax court because it did not accept his arguments that he could not be penalized for fraudulent underpayment of taxes when he, in fact, made no payment, that the tax on wage income is unconstitutional, and that the Commissioner is not authorized to assess a deficiency if no return was filed. We see no need to elucidate our reasons for dismissing these arguments. Suffice it to say that each is wholly lacking in merit, is without any logical basis, and has been rejected countless times by this Court and others. Accordingly, we affirm Judge Hamblen's well-reasoned decision.

We now turn to the Commissioner's request for costs and damages. Where an appeal is completely frivolous, the courts of appeals are authorized to award damages and single or double costs to the appellee. Fed.R.App.P. 38. *See also* 28 U.S.C. §§ 1912, 1927. This is so even where the Commissioner is the appellee. *Crain v. C.I.R.*, 737 F.2d 1417 (5th Cir.1984) (per curiam); *Beer v. C.I.R.*, 733 F.2d 435 (6th Cir.1984) (per curiam); *Lamb v. C.I.R.*, 733 F.2d 86 (10th Cir.1984) (per curiam).

Appellant is not, as his attorney maintained at oral argument, exercising his right to voice conceivably meritorious claims. His understanding of our federal tax system is such that he must have known his claims would be rejected by this Court. Indeed, the tax court told him in no uncertain terms that his arguments were frivolous and that he was "engaged in a 'folly' which [would] be costly to him." We can only conclude, therefore, that appellant brought this appeal either to delay the ultimate judgment against him or to make public his radical views on tax reform. We will not allow this Court's appellate processes to be misused for such purposes.

Both damages and costs are appropriate sanctions against "those who would persistently raise arguments against the income tax which have been put to rest for years." *Parker v. C.I.R.*, 724 F.2d 469, 472 (5th Cir.1984). Accordingly, we grant the Commissioner's request and award the Commissioner double costs and $2500 in damages.

Affirmed with double costs and $2500 in damages against appellant.