914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Irwin A. SCHIFF, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5025.
 United States Court of Appeals, Federal Circuit.
 Aug. 21, 1990.
 
 Before PLAGER, Circuit Judge, BALDWIN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Irwin A. Schiff ("Schiff") filed a complaint in the United States Claims Court seeking a tax refund. The United States moved for dismissal. The Claims Court granted the motion and issued an order dismissing Schiff's complaint as time barred under 26 U.S.C. Sec. 6511(a) (1988). Schiff appeals the order. We affirm. The United States requests sanctions against Schiff for filing a frivolous appeal. We award costs.
 
 OPINION
 I. Dismissal of Complaint As Time Barred
 
 2
 This suit concerns Schiff's tax liability for 1975. Schiff admittedly filed no federal income tax return for that year. Schiff made no voluntary payment or payments in satisfaction of his 1975 tax liability. Pursuant to a jeopardy assessment, the Internal Revenue Service ("IRS") recovered assets from Schiff to satisfy his liability. The recovered assets were applied in payment of the tax, penalties and interest owed by Schiff for 1975. Schiff sued in the Claims Court for a refund of this payment.
 
 
 3
 The amount of tax owed by Schiff in 1975 is not at issue. The IRS's determination of the amount of his liability was previously challenged by Schiff in the United States Tax Court. The Tax Court sustained the IRS's deficiency determination. Schiff v. Commissioner, 47 T.C.M. (CCH) p 41,174 (1984), aff'd 751 F.2d 116 (2d Cir.1984).
 
 
 4
 The issue in this case is whether Schiff filed a timely administrative claim for a refund. The Internal Revenue Code (the "Code") makes the timely filing of an administrative claim a precondition to litigation in court. 26 U.S.C. Sec. 7422(a). Section 6511(a) of the Code governs the timeliness of the filing of an administrative claim and provides:
 
 
 5
 Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid....
 
 
 6
 26 U.S.C. Sec. 6511(a).
 
 
 7
 Schiff filed his first administrative claim for a refund on April 4, 1988. Because Schiff filed no return, subject matter jurisdiction lies in the Claims Court only if the April 4, 1988 filing was within 2 years from the last date upon which Schiff paid tax for his 1975 tax liability.
 
 
 8
 On March 25, 1985, the IRS applied $1,380.69 to Schiff's account in complete satisfaction of his then remaining 1975 tax liability. Of this amount, $190.26 represented interest. However, Schiff's IRS Form 4340, the "Certificate of Assessments and Payments," reflects an entry of "restricted interest" in the amount of $190.26 on May 15, 1986.
 
 
 9
 Schiff contends that the $190.26 entry of restricted interest on his Form 4340 constitutes a "payment" made on May 15, 1986 and that his administrative claim was therefore timely filed before May 15, 1988. The United States argues that Schiff's 1975 liability was paid in full on March 25, 1985 and that his April 4, 1988 administrative claim was untimely.
 
 
 10
 The Claims Court found that the May 15, 1986 restricted interest entry was simply a reclassification of monies that were paid into Schiff's account on March 25, 1985, and that Schiff made no payments at any time thereafter. Therefore, for the purposes of Sec. 6511(a), the Claims Court determined that Schiff's tax liability was fully paid on March 25, 1985. We will not disturb a finding of fact by the Claims Court unless it is clearly erroneous. Heisig v. United States, 719 F.2d 1153, 1158 (Fed.Cir.1983). We find no error in the Claims Court's factual determination that the May 15, 1986 entry was not recordation of an additional payment. With respect to Schiff's 1975 tax liability, the last and final payment was made on March 25, 1985. Even to suggest that Schiff later paid any 1975 tax is frivolous.
 
 
 11
 The Claims Court correctly determined that Schiff's claim was time barred under Sec. 6511(a). Schiff's filing of an administrative claim on April 4, 1988 was not within two years of the time his tax was paid. Accordingly, we affirm the order dismissing Schiff's complaint.
 
 II. Sanctions
 
 12
 The United States requests that sanctions be imposed on Schiff for taking a frivolous appeal. This Court is authorized by statute to award just damages and single or double costs to the prevailing party. 28 U.S.C. Sec. 1912 (1988). Federal Rule of Appellate Procedure 38 authorizes this Court to award just damages and single or double costs against Schiff for filing a frivolous appeal. We recognize that an individual who attacks the federal tax system by abusing the judicial process is subject to sanctions. In Zuger v. United States, 834 F.2d 1009, 1010 (Fed.Cir.1987), we imposed a sanction on the appellant for filing a frivolous appeal in a tax case, and we issued the following warning: "[W]e shall likewise impose sanctions in any future 'tax protester' case in which the appeal is frivolous and an unwarranted burden on the court and the Government."
 
 
 13
 Schiff raises a variety of substantive arguments in his briefs to this Court. Because we sit to review the Claims Court order dismissing Schiff's complaint for lack of subject matter jurisdiction, the merits of Schiff's arguments are not before us. However, in consideration of the request for sanctions, we note that at the time this appeal was taken, the substantive theories that Schiff relies on were explicitly rejected, not only in general but in several cases where Schiff himself was a party. United States v. Schiff, 801 F.2d 108, 110 (2d Cir.1986) (disagreement with law is no defense to tax violation), cert. denied, 480 U.S. 945 (1987); Newman v. Schiff, 778 F.2d 460, 467 (8th Cir.1985) (filing of federal income tax return is not voluntary but is mandatory under Sec. 6012); United States v. Schiff, 612 F.2d 73, 83 (2d Cir.1979) (Fifth Amendment privilege may not be claimed against all disclosures on an income tax return).
 
 
 14
 Significantly, at the time this appeal was taken, the specific issue of Schiff's 1975 tax liability had been resolved against Schiff in the United States Tax Court, and that decision was affirmed by the Second Circuit. See Schiff v. Commissioner, 47 T.C.M. (CCH) 41,174 (1984), aff'd 751 F.2d 116 (2d Cir.1984). The Second Circuit concluded that each of Schiff's substantive arguments "is wholly lacking in merit, is without any logical basis, and has been rejected countless times by this Court and others." 751 F.2d at 117. That Court awarded $2,500 in damages and double costs to the Commissioner, finding that Schiff brought the appeal "either to delay the ultimate judgment against him or to make public his radical views on tax reform." Id. While we decline to second guess his purpose for filing the present appeal, we note that in light of the Second Circuit's opinion, Schiff could have no reasonable expectation of success on any substantive issue raised in this case. Under these circumstances, no proper purpose attaches to Schiff's appeal and its filing constitutes an abuse of the judicial process and a waste of this Court's resources. Accordingly, we hold that Schiff's appeal is frivolous. We award the United States costs. Fed.R.App.P. 38.
 
 
 15
 The order of the Claims Court dismissing Schiff's complaint is affirmed with costs awarded to the United States.