**UNITED STATES of America, Appellee,**

v.

**Warren J. BURDETT, Defendant–Appellant.**

**No. 1271, Docket 91–1662.**

United States Court of Appeals, Second Circuit.

Argued April 8, 1992.

Decided April 29, 1992.

Mark B. Gombiner, The Legal Aid Soc., Federal Defender Services Appeals Unit, New York City, for defendant-appellant.

Karen M. Quesnel, Washington, D.C. (James A. Bruton, Acting Asst. Atty. Gen., Robert E. Lindsay, Alan Hechtkopf, Gail Brodfuehrer, Attorneys, Tax Div., Dept. of Justice, Washington, D.C., Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for appellee.

Before: FEINBERG, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

Warren Burdett, a Long Island electrician, did not file federal income tax returns or pay federal income taxes for the years 1984 through 1987. As a result, he was convicted by a jury for willfully attempting to evade federal income taxes, in violation of 26 U.S.C. § 7201 (1988).

At his trial, Burdett testified that he had earned at least $38,000 during each of the years in question. He conceded that he had neither paid federal taxes nor filed a return during any of those years. Burdett relied upon the now familiar defense that he was not criminally liable for his failure to pay taxes because of his good-faith belief that he was not obligated to do so. *See Cheek v. United States,* — U.S. —, 111 S.Ct. 604, 610–11, 112 L.Ed.2d 617 (1991) (proof of defendant's subjective good-faith belief that he or she is not required to pay taxes negates willfulness element of tax evasion).

Burdett testified that he had studied the United States Constitution, the Internal Revenue Code, a variety of decisions, and a book by Irwin Schiff entitled *How Anyone Can Stop Paying Taxes.* These works, he said, convinced him that the filing of a tax return was voluntary and that his wages were not taxable income within the meaning of the Internal Revenue Code. He also testified that, as a citizen of a state rather than a citizen of the United States, he was not obligated to pay any federal income tax. He insisted that he continued steadfastly to hold these views as of the day of his testimony.

■ In an attempt to discredit Burdett's claim of good faith, the prosecutor cross-examined Burdett about acquaintances of Burdett who had been tried and convicted of tax evasion. These trials occurred well after the instances of failing to file with which he was charged, and Burdett argues that this questioning was improper.

In almost any other circumstances, we would surely agree with Burdett. However, he testified that the sincerity of his research and resultant state of mind were the same at the time of trial as they had been at the time of his failure to file tax returns. The cross-examination was thus directly relevant to Burdett's defense because it probed his claim of good-faith research by showing his non-reaction to adverse decisions. His indifference to such decisions tended to prove that his research was a sham.

There was of course the possibility of substantial prejudice in the jury's learning of guilty verdicts in similar cases. Nevertheless, a trial court's balancing of probative weight and possibility of prejudice under Fed.R.Evid. 403 will be overturned only for an abuse of discretion. The balance here is close, but there was no such abuse.

■ Moreover, any error in the prosecutor's questioning was harmless. *See United States v. Garcia,* 936 F.2d 648, 654 (2d Cir.1991) (applying harmless error analysis to allegedly improper cross-examination). Burdett's claim of a good-faith belief in his exemption was so baseless as to be a mockery of the good-faith defense. Measured by any known legal criteria, there is no

support in the law for his view; it has been rejected so often that no one who, like Burdett, claims to have researched the question could still sincerely believe that someone in Burdett's circumstances was exempt from the tax laws.

■ Burdett next challenges a series of questions by the prosecutor about tax evasion cases that Burdett had not read. He argues that these questions were irrelevant and prejudicial. We disagree; the jury was entitled to know the breadth of Burdett's research, or lack thereof, in determining his good or bad faith.

■ Finally, Burdett claims that certain remarks about his refusal to speak with an IRS attorney made by the prosecutor during her closing argument violated his Fifth Amendment rights and that several of the prosecutor's summation comments about the relative merits of Burdett's case deprived him of a fair trial. However, Burdett never objected to any of the statements at issue. Thus, absent plain error, we must reject these arguments. Fed. R.Crim.P. 52(b). In any event, the Fifth Amendment claim is meritless because he was not in custody. *See Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) (Fifth Amendment applied to states through Fourteenth Amendment is not violated by use of prearrest silence before defendant is taken into police custody). Other error, if any, that might have flowed from the prosecutor's remarks certainly was not plain.

Affirmed.