T.C. Memo. 2001-211

UNITED STATES TAX COURT

GABRIEL LOPEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 174-00.               Filed August 9, 2001.

<u>J. Richard Johnston</u>, for petitioner.

<u>H. Clifton Bonney, Jr.</u> and <u>Paul R. Zamolo</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following additions to and penalties on petitioner's Federal income taxes:

| | Additions to Tax | | | | | Penalty |
|------|------|------|------|------|------|------|
| Year | Sec. 6651 | Sec. 6653 (b)(1) | Sec. 6653 (b)(2) | Sec. 6653 (b)(1)(A) | Sec. 6653 (b)(1)(B) | Sec. 6654 | Sec. 6663 |
| 1983 | $0 | $3,702 | [1] | $0 | $0 | $423 | $0 |
| 1984 | 0 | 3,785 | [1] | 0 | 0 | 349 | 0 |
| 1985 | (1,263) | 3,445 | [1] | 0 | 0 | 263 | 0 |
| 1986 | (1,313) | 0 | 0 | 4,225 | [1] | 250 | 0 |
| 1987 | (987) | 0 | 0 | 2,962 | [1] | 214 | 0 |
| 1988 | (970) | 2,911 | 0 | 0 | 0 | 251 | 0 |
| 1989 | (1,874) | 0 | 0 | 0 | 0 | 509 | 5,621 |
| 1990 | (1,844) | 0 | 0 | 0 | 0 | 485 | 5,533 |
| 1991 | (311) | 0 | 0 | 0 | 0 | 34 | 5,267 |

[1] 50 percent of the interest payable with respect to the portion of the underpayment due to fraud.

All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue for decision is whether petitioner is liable for the additions to tax and penalties for fraud.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in San Leandro, California.

In 1962, petitioner graduated from high school. From August 1962 to August 1966, petitioner served in the U.S. Air Force. During his service, he worked as an electrician. During this time, petitioner enrolled in college correspondence courses.

---

[1] Petitioner's only argument against the sec. 6654 additions to tax is that they are barred by the statute of limitations because he is not liable for the additions to tax and penalties for fraud.

On December 1, 1966, petitioner accepted employment as a civilian employee with the Department of the Navy (the Navy) in Oakland, California. From December 1966 until sometime in 1997, petitioner worked for the Navy as an electrician.

Petitioner filed individual Federal income tax returns for 1962 through 1982. Petitioner prepared many of these returns himself.

For 1983 through 1991, petitioner was not entitled to be exempt from withholding. Sometime during 1982, petitioner purchased, reviewed, and studied a book entitled "How Anyone Can Stop Paying Income Taxes" by Irwin Schiff (Mr. Schiff's book). After reading Mr. Schiff's book, petitioner, on November 23, 1982, filed a false Form W-4, Employee's Withholding Allowance Certificate, with the Navy claiming to be exempt from Federal income tax withholding. On January 7, 1983, petitioner again filed a false Form W-4 claiming to be exempt from Federal income tax withholding. Prior to filing the false Forms W-4, petitioner was aware that Mr. Schiff had been convicted for failing to file tax returns.

During the years in issue, the Navy had a policy of rolling over Forms W-4 until employees filed a replacement form. Petitioner was aware of this policy, and during the years in issue he allowed the false January 1983 Form W-4 to remain on file with his employer. As a result of the false January 1983

Form W-4, the Navy did not withhold any Federal income taxes from petitioner's wages for 1983 through 1990.

During the years in issue, petitioner received the following amounts of wages in connection with his employment with the Navy: $35,700, $31,995, $33,322, $33,169, $34,623, $34,596, $40,307, $40,158, and $39,402 for 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, and 1991, respectively.  Petitioner also received Forms W-2, Wage and Tax Statement, for 1983 through 1991.  For 1983 through 1991, petitioner was required to file individual Federal income tax returns.  He failed to timely file these returns.

During 1991, the Internal Revenue Service (IRS) assigned members of its Compliance Action Response Team (CART) to review records at the Navy and to work on tax compliance issues related to civilian employees of the Navy.  Revenue Agent Georgene Bonovich, a member of CART, interviewed petitioner because he claimed on his Form W-4 to be exempt from Federal income tax withholding.  After Revenue Agent Bonovich asked petitioner why he had not filed tax returns for tax years following 1982, petitioner explained that he understood that tax returns could be used against him in a judicial proceeding, that IRS publications stated that he did not have to file tax returns, and that he did not have a tax liability until he received a bill from the Government.  Revenue Agent Bonovich asked to see any items

petitioner had that supported his position; however, petitioner refused to submit anything except another Form W-4 claiming exempt status.

Revenue Agent Bonovich informed petitioner that he was not eligible to claim exempt status and suggested that he file tax returns for the years he had not filed. Subsequently, in February of 1991, respondent issued a determination letter to the Navy changing petitioner's exempt status to one which subjected him to withholding. Consequently, in 1991, petitioner's employer withheld $5,778 from his wages.

On November 18, 1991, Special Agents Brian Potter and Deborah Van Patten interviewed petitioner regarding the years in issue. Petitioner stated that he had read the Internal Revenue Code and researched whether he was required to file tax returns. He said that he stopped filing tax returns because that was what he wished to do.

During this interview, petitioner argued that there is no provision of the Internal Revenue Code that required him to file a tax return and that filing a tax return would require him to give up his constitutional rights. Petitioner gave evasive answers to questions about whether he filed, the amount of his wages, how he filled out his Forms W-4, what his Social Security number is, whether he had bank accounts, what the duties of his job were, and the location of his job. He also refused to answer

whether he ever was married and what was the status of his health.  Additionally, he claimed not to remember what high school he attended and when he graduated.

The special agents recommended that criminal proceedings be instituted against petitioner.  In an information filed on March 2, 1994, the United States charged petitioner with one count of willfully failing to file an income tax return in violation of section 7203 for 1990.  On June 23, 1994, petitioner pleaded guilty to this charge.  As part of his plea, petitioner admitted that he did not timely file income tax returns for 1983 through 1992.

On September 24, 1993, petitioner filed Federal income tax returns for 1983 through 1991.  Petitioner reported tax liabilities as follows:  $7,403, $7,569, $6,890, $5,663, $3,949, $3,881, $7,494, $7,377, $7,022 for 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, and 1991, respectively.[2]  As of May 11, 1995, petitioner paid these amounts and the interest associated with these years.

OPINION

The addition to tax and penalty in the case of fraud is a civil sanction provided primarily as a safeguard for the

_____

[2] Petitioner was married from 1983 through 1988.  His tax liabilities were reduced by $400, $1,616, $1,837, and $381 for 1983, 1984, 1985, and 1986, respectively, for amounts withheld by his wife's employer.

protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from a taxpayer's fraud. See Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Fraud is intentional wrongdoing on the part of the taxpayer with the specific purpose to evade a tax believed to be owing. See McGee v. Commissioner, 61 T.C. 249, 256 (1973), affd. 519 F.2d 1121 (5th Cir. 1975).

The Commissioner has the burden of proving fraud by clear and convincing evidence. See sec. 7454(a); Rule 142(b). To satisfy the burden of proof, the Commissioner must show: (1) An underpayment existed; and (2) the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. See Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). The Commissioner must meet this burden through affirmative evidence because fraud is never imputed or presumed. See Beaver v. Commissioner, 55 T.C. 85, 92 (1970).

A. Underpayment of Tax

Petitioner does not dispute that he underpaid his taxes for 1983 through 1991. We are satisfied that the Commissioner has established by clear and convincing evidence an underpayment of tax by petitioner for each of the years in issue.

B. Fraudulent Attempt

The Commissioner must prove that a portion of the

underpayment for each taxable year in issue was due to fraud. Profl. Servs. v. Commissioner, 79 T.C. 888, 930 (1982).  The existence of fraud is a question of fact to be resolved from the entire record.  Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).  Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the relevant facts. Spies v. United States, 317 U.S. 492, 499 (1943); Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984).  Mere suspicion, however, does not prove fraud. Cirillo v. Commissioner, 314 F.2d 478, 482 (3d Cir. 1963), affg. in part and revg. in part T.C. Memo. 1961-192; Katz v. Commissioner, 90 T.C. 1130, 1144 (1988); Shaw v. Commissioner, 27 T.C. 561, 569-570 (1956), affd. 252 F.2d 681 (6th Cir. 1958).

Over the years, courts have developed a nonexclusive list of factors that demonstrate fraudulent intent.  These badges of fraud include:  (1) Understating income, (2) maintaining inadequate records, (3) implausible or inconsistent explanations of behavior, (4) concealment of income or assets, (5) failing to cooperate with tax authorities, (6) engaging in illegal activities, (7) an intent to mislead which may be inferred from a pattern of conduct, (8) lack of credibility of the taxpayer's testimony, (9) filing false documents, (10) failing to file tax

returns, and (11) dealing in cash.  Spies v. United States, supra at 499; Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).  Although no single factor is necessarily sufficient to establish fraud, the combination of a number of factors constitutes persuasive evidence.  Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam T.C. Memo. 1982-603.

1.    Petitioner's Sophistication and Experience

Petitioner is an electrician with a high school education. He also took some college correspondence courses.  On the basis of these facts, we shall not hold petitioner to either a high or low standard while evaluating his actions.

2.    Consistent and Substantial Understatements of Income

The mere failure to report income is not sufficient to establish fraud.  Merritt v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172.  Consistent and substantial understatements of income, however, may be strong evidence of fraud when coupled with other circumstances.  Marcus v. Commissioner, 70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980).  A pattern of consistent underreporting of income, when accompanied by other circumstances indicating an intent to conceal income, may justify the inference

of fraud.  <u>Holland v. United States</u>, 348 U.S. 121, 139 (1954).
Petitioner did not report any of his income for the years in
issue until September 24, 1993.  Thus, petitioner consistently
and substantially understated his income during the years in
issue by claiming exempt status.

    3.    <u>Filing False Forms W-4</u>

Filing false Forms W-4 may be evidence of fraud and an
affirmative act of evasion.  <u>United States v. Mal</u>, 942 F.2d 682,
685 (9th Cir. 1991); <u>Bradford v. Commissioner</u>, <u>supra</u> at 308;
<u>Recklitis v. Commissioner</u>, <u>supra</u> at 910-911; <u>Rowlee v.
Commissioner</u>, 80 T.C. 1111, 1125 (1983); <u>Stephenson v.
Commissioner</u>, <u>supra</u> at 1007.  Petitioner filed false Forms W-4
with his employer.

    4.    <u>Petitioner's Failure To File</u>

Although failure to file tax returns, even over an extended
period, may not per se establish fraud, it may be persuasive
circumstantial evidence of fraud.  <u>Marsellus v. Commissioner</u>, 544
F.2d 883, 885 (5th Cir. 1977), affg. T.C. Memo. 1975-368;
<u>Stafford v. Commissioner</u>, T.C. Memo. 1997-50, affd. without
published opinion 146 F.3d 868 (5th Cir. 1998); <u>Recklitis v.
Commissioner</u>, <u>supra</u> at 910-911; <u>Schiff v. Commissioner</u>, T.C.
Memo. 1984-223, affd. 751 F.2d 116 (2d Cir. 1984).  The failure
to file returns is particularly persuasive evidence when the

taxpayer also filed false Forms W-4.[3]  Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); Rowlee v. Commissioner, supra at 1123-1125; Habersham-Bey v. Commissioner, 78 T.C. 304, 313 (1982); see Schiff v. Commissioner, supra.

Petitioner did not file tax returns for the years in issue until September 24, 1993.  As noted supra, he also filed false Forms W-4.  For approximately 20 years prior to the first year in issue, petitioner filed tax returns.

### 5.  Failure To Cooperate

Failure to cooperate with taxing authorities is evidence of fraud.  Bradford v. Commissioner, supra at 307.  Petitioner refused to show Revenue Agent Bonovich the documents he relied upon to support his position that he was not required to file. At the meeting with the special agents, petitioner was argumentative, evasive, forgetful, and generally uncooperative.

### 6.  Cheek Defense

Petitioner's only argument against the imposition of the addition to tax and penalty for fraud is a Cheek defense.  A good faith misunderstanding of the Internal Revenue Code may be a defense against additions to tax pursuant to section 6653(b) and penalties for fraud pursuant to section 6663.  See Cheek v.

---

[3]  The failure to file tax returns combined with the use of false Forms W-4 may be sufficient to establish criminal tax evasion.  United States v. Parkinson, 602 F. Supp. 121, 123 (N.D. Ill. 1984), affd. without published opinion 774 F.2d 1168 (7th Cir. 1985).

United States, 498 U.S. 192, 202 (1991); Niedringhaus v.
Commissioner, 99 T.C. 202, 217 (1992).  In applying Cheek, we
look to the theories underlying petitioner's beliefs.  Pennybaker
v. Commissioner, T.C. Memo. 1994-303.

Petitioner's argument is that he relied on Mr. Schiff's book
in filing the false Forms W-4 and not filing tax returns for the
years in issue.  Petitioner points to his testimony as evidence
of his beliefs.  His testimony was not credible.  We need not,
and do not, accept his self-serving testimony.  Tokarski v.
Commissioner, 87 T.C. 74, 77 (1986).  At the time petitioner
"relied" on what he read in Mr. Schiff's book, he knew that Mr.
Schiff had been convicted of failing to file tax returns.  The
propositions contained in Mr. Schiff's book are the stale,
meritless, and patently frivolous arguments that have been
rejected by this Court scores of times and at least twice when
presented by Mr. Schiff himself.  Schiff v. Commissioner, T.C.
Memo. 1992-183; Schiff v. Commissioner, T.C. Memo. 1984-223,
affd. 751 F.2d 116 (2d Cir. 1984).  Petitioner's history of
filing tax returns for 20 years prior to 1983 and his admissions
in his plea bargain are evidence of knowledge of his duty to file
Federal income tax returns and to pay taxes upon his wages.

We dealt with this same argument, and similar facts, in Roth
v. Commissioner, T.C. Memo. 1992-563.  Phillip Roth also served
in the United States Air Force.  After leaving the Air Force, Mr.

Roth became a commercial airline pilot.  Mr. Roth and his wife filed joint Federal income tax returns for 1965 through 1981.  In 1982, Mr. Roth purchased Mr. Schiff's book.  At the time, Mr. Roth knew that Mr. Schiff had been convicted of a tax crime.  In 1982, 1983, and 1985, Mr. Roth filed false Forms W-4 with his employers wherein he claimed exempt status.  In 1983, Mrs. Roth filed a false Form W-4 with her employer.  Mr. and Mrs. Roth did not file tax returns for 1982 through 1985.  We placed no weight on Mr. Roth's claimed reliance on Mr. Schiff's book, rejected Mr. Roth's Cheek defense, and sustained the additions to tax for fraud against both Mr. and Mrs. Roth.  Id.

In United States v. Burdett, 962 F.2d 228 (2d Cir. 1992), affg. 768 F. Supp. 409 (E.D.N.Y. 1991), the U.S. Court of Appeals also addressed a Cheek defense based upon reliance on Mr. Schiff's book.  In Burdett, the taxpayer was an electrician who did not file Federal income tax returns or pay his taxes for the years 1984 through 1987.  Id. at 229.  The taxpayer testified that from 1984 through 1987 he earned wages of at least $38,000 per year.  Id.  Just like petitioner, the taxpayer testified that he had read Mr. Schiff's book and studied the Internal Revenue Code, and based on this he was convinced that he did not have to file tax returns.  Id.  The court held:

> Burdett's claim of a good-faith belief in his exemption
> was so baseless as to be a mockery of the good-faith
> defense.  Measured by any known legal criteria, there
> is no support in the law for his view; it has been

rejected so often that no one who, like Burdett, claims to have researched the question could still sincerely believe that someone in Burdett's circumstances was exempt from the tax laws.

Id. at 229-230.

C.    Conclusion

After reviewing all of the facts and circumstances, we conclude that petitioner's Cheek defense is without merit and that respondent has proven by clear and convincing evidence that for each of the years in issue petitioner's entire underpayment was attributable to fraud.  Accordingly, we sustain the additions to tax and penalties for fraud.

To reflect the foregoing,

Decision will be entered

for respondent.