**UNITED STATES of America,
Petitioner–Appellee,**

v.

**Paul ASTRUP, Respondent–Appellant.**

No. 05–5701–cv.

United States Court of Appeals,
Second Circuit.

June 14, 2006.

Paul Astrup, pro se, East Quogue, NY, for Appellant.

Eileen J. O'Connor, Assistant Attorney General, United States Department of Justice, (Robert W. Metzler and Randolph L. Hutter, Attorneys, Tax Division, on the brief; Roslynn R. Mauskopf, of counsel), for Appellee.

Present CHESTER J. STRAUB, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Appellant Paul Astrup, *pro se*, appeals from an order of the United States District Court for the Eastern District of New York (Arthur Donald Spatt, *Judge)*, granting the petition of the government to enforce an Internal Revenue Service (IRS) summons. Astrup argues that we should vacate the decision below because (1) the government failed to meet the standard for enforcement set forth in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); (2) the District Court violated his due process rights by not affording him a full evidentiary hearing on the merits of whether the summons should be enforced; (3) the IRS failed to take all necessary administrative steps before filing its Notice of Levy on Astrup's bank and employer; (4) the summons violated his First Amendment right to petition the government for a redress of grievances; and (5) that the IRS lacked territorial jurisdiction over him as a resident of East Quogue, N.Y. We assume familiarity with the facts, the procedural history, and the specification of appellate issues and affirm the decision of the District Court.

The IRS may issue summonses to ascertain the liability "of any person for any internal revenue tax, or collecting any such liability" and to "examine any books, papers, records, or other data which may be relevant or material to such inquiry." 26 U.S.C. § 7602(a)(1). IRS summonses, however, have no force or effect under the law unless the government establishes their validity through a 26 U.S.C. § 7604 proceeding. *See Schulz v. IRS*, 395 F.3d 463, 464 (2d Cir.2005) *("Schulz I")*. To enforce a summons, the government must demonstrate that: (1) the investigation will be conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required

by the Internal Revenue Code have been followed. *See Powell*, 379 U.S. at 57–58, 85 S.Ct. 248. Once the government establishes this *prima facie* case for enforcement, "the burden then shifts to the taxpayer to challenge these showings on any appropriate ground, including a showing that the summons had been issued for an improper purpose, such as to harass the taxpayer, to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *United States v. White*, 853 F.2d 107, 111 (2d Cir.1988) (quoting *Powell*, 379 U.S. at 58, 85 S.Ct. 248) (internal quotation marks omitted).

Here, the District Court properly entered the enforcement order. The government's burden is not a heavy one, and it has been satisfied in this case by the affidavit of the investigating IRS officer, averring to each of the required elements of the government's *prima facie* case. *See id.* Astrup, in turn, has not overcome the presumption that the summons has been issued for a civil tax determination or collection purpose. *Id.* The mere fact that Astrup joined in a class action against the IRS does not, without more, establish that the IRS had issued the summons for an improper purpose. Although Astrup claimed that the IRS had already determined his tax liability for the relevant years, the summons indicated on its face that it was issued for collection purposes.

Nor was Astrup denied due process. Astrup relies on our decisions in *Schulz I & II*, in which we held that "before punishment for disobedience of an IRS summons may be levied, the agency must seek enforcement through a federal court in an adversarial proceeding through which the taxpayer can test the validity of the summons." *Schulz v. IRS*, 413 F.3d 297, 302 (2d Cir.2005) *("Schulz II")*. Astrup's reliance is misplaced because a "full

opportunity for judicial review of a[n] IRS summons," *see id.* (quoting *Reisman v. Caplin,* 375 U.S. 440, 450, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964)), does not necessarily include the requirement that the District Court hold an adversarial hearing to determine the validity of the summons. Nothing in *Schulz I* or *Schulz II,* overturns the well-settled rule that it is within the district court's discretion to determine, after reviewing the submissions of the parties, whether to hold a hearing. *See United States v. Tiffany Fine Arts, Inc.,* 718 F.2d 7, 14 (2d Cir.1983), *aff'd,* 469 U.S. 310, 324 n. 7, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985). Indeed, "[u]nless a taxpayer opposing enforcement of a summons makes a substantial preliminary showing of an alleged abuse, neither an evidentiary hearing nor limited discovery need be ordered by the district court." *Id.* (internal quotations and citations omitted); *see also United States v. Gel Spice Co.,* 773 F.2d 427, 434 (2d Cir.1985) ("With regard to both the evidentiary hearing and discovery of the documents, we have held that the burden is on defendants to make a 'substantial preliminary showing' of bad faith before an evidentiary hearing or even limited discovery is to be held."). Considering the strength of the government's submission and the lack of any record evidence suggesting an improper purpose, we cannot say that the District Court exceeded its allowable discretion by deciding the matter without a hearing.

■ Astrup's remaining arguments are similarly without merit. Whether or not the IRS took all the necessary administrative steps in filing its Notice of Levy is irrelevant to the determination of whether the issuance of the summons was proper. *See Powell,* 379 U.S. at 57–58, 85 S.Ct. 248. For the same reason, the District Court properly refused Astrup's motion to consolidate the proceeding with his class action regarding the IRS's Notice of Levy procedures. *See* Fed.R.Civ.P. 42(a) (re-quiring a common question of law or fact in order to permit a court to consolidate actions). Astrup's constitutional and jurisdictional arguments are wholly frivolous. These contentions have been repeatedly rejected by the IRS and the federal courts. *See, e.g., United States v. Ramsey,* 992 F.2d 831, 833 (8th Cir.1993) (determining that the taxpayer had "no First Amendment right to avoid federal income taxes ...."); *United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990) (rejecting a taxpayer's argument that the IRS lacked jurisdiction over him because he did not reside on federal land).

■ Finally, the government asks that we sanction Astrup for filing a frivolous appeal. Astrup's primary arguments—that the government failed to meet its burden under *Powell* and that he was entitled to a hearing—are not the sort of "completely frivolous" arguments that warrant sanctions. *See, e.g., Schiff v. Comm'r,* 751 F.2d 116, 117 (2d Cir.1984) (assessing penalties because all of the appellant's tax law claims had been repeatedly rejected by the Court). Nevertheless, continued assertion of "arguments against the income tax which have been put to rest for years," may result in sanctions. *Id.* (quoting *Parker v. Comm'r,* 724 F.2d 469, 472 (5th Cir.1984)).

The order of the District Court is hereby **AFFIRMED,** and the government's motion for sanctions is **DENIED.**