T.C. Memo. 2006-184

UNITED STATES TAX COURT

EDWIN J. DUNBAR, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11473-01L.[1]          Filed August 30, 2006.

Edwin J. Dunbar, Jr., pro se.

Alvin A. Ohm, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-

_____

[1]The proceedings herein were automatically stayed when
petitioner filed a petition for bankruptcy with the U.S. Bank-
ruptcy Court for the Northern District of Texas on Mar. 5, 2002.
On Mar. 17, 2003, after that bankruptcy proceeding was dismissed,
the Court lifted the automatic stay.  The proceedings herein were
automatically stayed again when petitioner filed another petition
for bankruptcy with the U.S. Bankruptcy Court for the Northern
District of Texas on Aug. 6, 2003.  On Sept. 12, 2005, after that
bankruptcy proceeding was discharged, the Court lifted the
automatic stay.

dent's motion for summary judgment (respondent's motion).[2]  We shall grant respondent's motion.

Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Euless, Texas, at the time he filed the petition in this case.

Petitioner did not file a Federal income tax (tax) return for any of his taxable years 1992, 1993, and 1994.  Respondent prepared a substitute for return for each such year.

On March 17, 1999, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable years 1992, 1993, and 1994, which he received.  In that notice, respondent determined a deficiency in, and an addition to, petitioner's tax for each such year, as follows:

| Year | Deficiency | Addition to Tax Under Sec. 6651(a)(1)[3] |
|---|---|---|
| 1992 | $1,369 | $108 |
| 1993 | 1,369 | 312 |
| 1994 | 994 | 223 |

Petitioner did not file a petition with the Court with respect to the notice relating to his taxable years 1992, 1993,

---

[2]Although the Court ordered petitioner to file a response to respondent's motion, petitioner failed to do so.

[3]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

and 1994. Instead, on or about June 5, 1999, in response to the notice, petitioner sent a letter (petitioner's June 5, 1999 letter) to the Internal Revenue Service (IRS) that contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.[4]

On July 19, 1999, respondent assessed petitioner's tax, as well as an addition to tax and interest as provided by law, for each of his taxable years 1992, 1993, and 1994. (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued after July 19, 1999, as petitioner's unpaid liabilities for 1992, 1993, and 1994.)

On July 19, 1999, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liabilities for 1992, 1993, and 1994, as required by section 6303. On August 23, 1999, respondent issued a second notice of balance due with respect to those unpaid liabilities.

On March 23, 2000, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to (1) petitioner's unpaid liabilities for 1992, 1993, and 1994 and (2) a frivolous

---

[4]Petitioner's June 5, 1999 letter is very similar to the letters that certain other taxpayers with cases in the Court sent to the IRS in response to the notices issued to them. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

return penalty under section 6702 with respect to his taxable year 1998.

On or about April 7, 2000, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).[5] Petitioner's Form 12153 contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.[6]

On or about August 17, 2000, petitioner sent a letter (petitioner's August 17, 2000 letter) to a settlement officer with respondent's Appeals Office (settlement officer) in which petitioner requested certain documents. That letter contained requests that the Court finds to be frivolous and/or groundless.[7]

---

[5]The notice of intent to levy did not pertain to petitioner's taxable year 1996. Nonetheless, petitioner indicated in petitioner's Form 12153 that he was requesting a hearing with respondent's Appeals Office with respect to that year as well as his taxable years 1992, 1993, 1994, and 1998.

[6]Petitioner's Form 12153 contained statements, contentions, arguments, and/or requests that are similar to the statements, contentions, arguments, and/or requests contained in the attachments to Forms 12153 filed with the IRS by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

[7]Petitioner's August 17, 2000 letter contained requests that are similar to the requests that certain other taxpayers with cases in the Court made to the IRS. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

On or about August 22, 2000, in response to petitioner's August 17, 2000 letter, respondent's settlement officer sent a letter to petitioner. That letter stated in pertinent part:

> Your letter dated August 17, 2000, addressed to IRS Appeals for documents and records has been forwarded for processing to the IRS North Texas Disclosure Office * * *. This is the responsible office for your request. * * *

On or about April 10, 2001, an Appeals officer with respondent's Appeals Office (Appeals officer) sent petitioner a letter (Appeals officer's April 10, 2001 letter). That letter stated in pertinent part:

> The District issued a Final Notice of Intent to Levy on March 23, 2000 for taxes due for the years ended December 31, 1992, 1993 and 1994 and a Civil Penalty for the year ended December 3, 1998 [sic]. You requested a Collection Due Process Hearing on April 7, 2000. Your case was forwarded to the Dallas Appeals Office and was assigned to * * * [respondent's settlement officer]. * * * [Respondent's settlement officer] responded to your letter of August 17, 2000 in which you requested documents and records and informed you that this is the responsibility of the IRS's Disclosure Office.
>
> **Your case has been transferred to me.**
>
>    *     *     *     *     *     *     *
>
> Appeals has jurisdiction in this case to hear relevant issues related to unpaid liability, challenges to the appropriateness of collection actions, offers of collection alternatives and challenges to the underlying liability.
>
> On Form 12153, Request for Collection Due Process, you listed the year ending December 31, 1996. This year was not included on the Final Notice.

Under IRC 6330(c)(2)(B), a taxpayer may not challenge the underlying tax liability if the taxpayer received a Statutory Notice of Deficiency or otherwise had the opportunity to dispute the liability. A Statutory Notice was issued for the years 1992, 1993 & 1994 on March 17, 1999. In a letter dated June 5, 1999 you acknowledged receipt of the Statutory Notice. The underlying liability existence or amounts are not issues to be discussed during the due process hearing.

On or about May 5, 2001, in response to the Appeals officer's April 10, 2001 letter, petitioner sent a letter (petitioner's May 5, 2001 letter) to respondent's Appeals officer. That letter contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On or about May 9, 2001, in response to petitioner's May 5, 2001 letter, the Appeals officer sent a letter (Appeals officer's May 9, 2001 letter) to petitioner. That letter stated in pertinent part:

In the Reform Act of 1998, Congress enacted Sections 6320 (Pertaining to Liens) and 6330 (Pertaining to Levies) to provide due process protections for taxpayers in tax collection matters. Sec. 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of levy on a taxpayer's property until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and if dissatisfied, with Judicial review of the administrative determination in either the Tax Court or Federal District Court. I.R.C. section 6330(d). A hearing in Appeals is not a court proceeding or a trial. It is informal.

In Davis V. Commissioner, 115 T.C. (July 31, 2000), The Court stated that the hearing at the Appeals level have historically been conducted in an informal setting. Section 601.106(c).

The Court also stated that when Congress enacted section 6330 and required that taxpayers be given an opportunity to seek a pre-levy hearing with Appeals, Congress was fully aware of the existing nature and function of Appeals.  Nothing in section 6330 or the legislative history suggests that Congress intended to alter the nature of an Appeals hearing.  The Court concluded that Congress contemplated the type of informal administrative Appeals hearing that has been historically conducted by Appeals and prescribed by section 601.106(c).

As to your request to record the hearing, you are welcome to have your tape recorder with you.  I will also record the hearing.  With respect to the information you requested, enclosed is a copy of I.R.C. 63320 and I.R.C. 6330 and the applicable regulations.  Since the enactment of the 1998 law, there has been many court cases dealing with due process issues.  You may want to check some of these cases to see what the courts opinion is.  These cases also refer to the law and its implementation.  [Reproduced literally.]

On or about June 13, 2001, in response to the Appeals officer's May 9, 2001 letter, petitioner sent a letter (petitioner's June 13, 2001 letter) to respondent's Appeals officer. That letter contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.[8]

On or about June 29, 2001, in response to petitioner's June 13, 2001 letter, the Appeals officer sent a letter to petitioner. That letter stated in pertinent part:

---

[8]Petitioner's June 13, 2001 letter contained statements, contentions, arguments, and/or requests that are similar to the statements, contentions, arguments, and/or requests that certain other taxpayers with cases in the Court made to the IRS.  See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

I will hold a Collection Due Process Hearing, as you requested, at the Appeals Office in Dallas, on July 9, 2001 at 10:00 am.  As for the documents you requested, please contact Disclosure Office * * *.  The Collection Due Process Hearing will be conducted based on Collection Due Process Procedures under I.R.C. 6320 and 6330 and the IRS regulations relating to these Code sections.

On July 9, 2001, respondent's Appeals officer held an Appeals Office hearing with petitioner with respect to the notice of intent to levy.  At the Appeals Office hearing, the Appeals officer gave petitioner, inter alia, a document known as MFTRA-X, a literal transcript of account with respect to each of his taxable years 1992, 1993, 1994, and 1998.

On August 6, 2001, the Appeals Office issued to petitioner a notice of determination concerning collection actions under section 6320 and/or 6330 (notice of determination).  That notice stated in pertinent part:

**Summary of Determination**

The District's proposed action is appropriate.  The tax liability and the civil penalty are valid, due and outstanding.

An attachment to the notice of determination (attachment to the notice of determination) stated in pertinent part:

**MATTERS CONSIDERED AT THE APPEALS HEARING**

- On March 17, 2000, the Small Business/Self-Employed Operating Division mailed letter 1058, Final Notice of Intent to Levy, to Mr. Dunbar for income tax liability outstanding for the tax years ended December 31, 1992, 1993 and 1994 and Civil Penalty under I.R.C. 6702 for 1998.

- Mr. Dunbar requested a hearing by completing form 12153 on April 7, 2000. A hearing was held on July 9, 2001. He listed the same periods in addition to 1996. The year 1996 is not included on the Notice and therefore is not subject to a Collection Due Process Hearing. Notice CP504, Urgent Notice, was issued for 1996.

## History/Years Involved

\*       \*       \*       \*       \*       \*       \*

Mr. Dunbar's main argument is that there are no requirements for filing federal income tax returns [for his taxable years 1992, 1993, and 1994] and there are no requirements to pay federal income tax. These arguments are invalid. The taxes for 1992, 1993 and 1994 were assessed after a Statutory Notice of Deficiency was issued. The penalty was assessed after he failed to file a proper income tax return for 1998.

During the hearing, Mr. Dunbar was provided with a copy of the Statutory Notice of Deficiency and a copy of MFTRA-X transcript showing the assessments. Under I.R.C. 6330(c)(2)(B), a taxpayer may not challenge the underlying tax liability or the amount if the taxpayer received a Statutory Notice of Deficiency. Mr. Dunbar did and this was made clear to him in Appeals letter dated April 10, 2001 and during the hearing.

During the collection due process hearing, Mr. Dunbar presented the same arguments. Mr. Dunbar wanted to know if there is a requirement for filing income tax returns and payment of federal income tax. He wanted to see Form 1040 and approval of the use of such form. He wanted the rules and implementing regulations that govern the hearing and a copy of the volume, date and page of the federal register in which these rules were published. A copy of I.R.C. 6320 and 6330 were provided to Mr. Dunbar along with the Income Tax Regulations for these sections. Mr. Dunbar was not convinced. In one of his letters, Mr. Dunbar wanted a photograph of the appeals officer and any witnesses appeals wants to present at the hearing.

On his Form 12153, Request for Collection Due Process hearing, and during the hearing, Mr. Dunbar stated that there was no Notice a Demand for payment provided to

him.  He was informed that the transcript indicates that such notices were issued.  These notices are issued within (10) days from assessment.  Mr. Dunbar wanted to know if IRS personnel have the authority to issue notices and adjust income tax returns?  He wanted copies of delegation orders and authorization from the Secretary.

Our system of taxation is dependent on taxpayers' belief that the laws they follow apply to everyone. The courts have consistently upheld the constitutionality of the federal income tax.  See <u>Schiff v. Commissioner</u>, T.C.M. 1984-223, <u>aff'd</u>, 751 F.2d 116(2nd Cir. 1984).

**Appeals cannot consider arguments dealing with the legality of the federal tax law.**

Whether an individual is liable for income tax is determined under Subtitle A of the Internal Revenue Code (the Code), Chapter 1, Subchapter A- Determination of Tax Liability.  Part I, Section 1, imposes a tax on the taxable income of every individual.  Whether an individual has taxable income is determined under Chapter 1, Subchapter B- Computation of Taxable Income.

Part I, Section 63, defines "taxable income", generally, as gross income minus the deductions allowed by Chapter 1.

The current federal tax law enacted by Congress is the Code.  Section 6001 and 6011 of the Code provide, in pertinent part, that every person liable for any tax imposed by the Code shall make a return.  Section 6012 of the Code provides that a federal income tax return shall be made by every individual whose gross income equals or exceeds certain amounts.  "Shall" as used in Sections 6001, 6011 and 6012 means "must"; "must" means to be required to.  Who is required by the Code to file a return is explained in the instructions for Form 1040 under the heading "Filing Requirements".

Section 6001 of the Code states that every person liable for a tax imposed by the Code shall make returns and comply with such rules and regulations as the Secretary of the Treasury may from time to time prescribe.  Section 1.6012(a)(6) of the Income Tax Regulations states that Form 1040 is prescribed for general

use in making the return required under Section 6012 of the Code.

During the hearing, this was explained to Mr. Dunbar and he was provided with a summary of Code sections and applicable regulations dealing with imposition of tax and the requirement for filing income tax returns.

Collection issued its Final Notice of Intent to Levy and filed its NFTL based on valid and outstanding tax liability and Mr. Dunbar was provided with the right to request a hearing.

**Collection Due Process Hearing:**

**This Appeals Officer has never dealt with Mr. Dunbar before on any matter.**

### 1.   APPLICABLE LAW AND ADMINISTRATIVE PROCEDURES

We have closely reviewed the administrative file and the other appropriate records of the Internal Revenue Service (Audit files, transcripts, assessments made and payments credited and actions by the Collection Division).  We have made inquires to the Secretary regarding the issues raised during the hearing and the Secretary furnished us with their position on these matters. The tax liability is valid.  A Final Notice of Intent to levy was issued based on an outstanding liability and Mr. Dunbar was provided with the right to request a hearing.  His request was timely and a hearing was held on July 9, 2001.

The Final Notice issued is based on a valid and outstanding tax liability for 1992, 1993 and 1994 * * *. Mr. Dunbar was provided with his right to request a hearing.  A Collection Due Process Hearing was held at the Dallas Appeals Office.

Our determination is that the Secretary has complied with the applicable law and administrative procedures with respect to the periods included in the Secretary's notice.

**2.  RELEVANT ISSUES PRESENTED BY THE TAXPAYER**

The arguments presented during the hearing dealt with the legality of federal income tax.  Mr. Dunbar's position is that there are no requirements for filing income tax returns or payment of federal income tax liability.  He filed income tax returns with $0 entries for all items on such returns except for taxes with-held.

During the hearing Mr. Dunbar presented no valid arguments and no valid alternatives.  Mr. Dunbar was told that Appeals couldn't consider arguments dealing with the legality of the federal tax law.  A letter was mailed to Mr. Dunbar on July 9, 2001 confirming discussions during the hearing.  **Based on Mr. Dunbar's request he audio recorded the hearing.**

**3.  Spousal Defenses not an issue in this case.**

This was not presented as an issue in this case.

**4.  Challenges made to the appropriateness of the collection action**

The liability is due and outstanding.  Mr. Dunbar argued the legality of the federal tax law and not the amounts.

Matters that are well established in law and precedent concerning the legality of income tax do not require discussion.  The courts have consistently upheld the constitutionality of the federal income tax.

In Pierson v. Commissioner, 115 T.C. No. 39 (Dec. 14, 2000), the taxpayer argued that he had no income subject to tax, and Appeals issued a Notice of Determination.  The Tax Court found this position groundless.

Since the liability was not paid and Mr. Dunbar continues to present invalid arguments dealing with the legality of the tax law and provided no valid alternatives, the collection action proposed is appropriate.

### 5. Collection Alternatives offered by the Taxpayer

During the hearing, Installment Agreements and Offer in Compromise Procedures were discussed.  A taxpayer may request an Installment Agreement or an Offer to be considered for payment of an outstanding tax liability.  However, these can only be considered when a taxpayer is in compliance with tax law.  Mr. Dunbar is not in compliance and he did not complete the financial information forms requested.  Mr. Dunbar provided no valid alternatives.

### 6. Whether the collection action represents a balance between the need for the efficient collection of taxes and the legitimate concern that such action be no more intrusive than necessary for collection of taxes due.

The action proposed does balance the need for efficient collection of taxes due and Mr. Dunbar's concern that it be no more intrusive than necessary.  Mr. Dunbar argued the legality of the tax law.  He filed income tax returns with $0 entries on all items except for income taxes withheld.  Under such circumstances, the District's action is necessary to protect the Government interest and it is appropriate.  Mr. Dunbar is not in compliance with filing requirements.  [Reproduced literally.]

In response to the notice of determination, the Court received a letter from petitioner that the Court had filed as a "Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d)".  On January 10, 2002, as ordered by the Court, petitioner filed with the Court an amended petition for lien or levy action under section 6320(c) or 6330(d) (amended petition).

On March 2, 2006, the Court issued an Order (Court's March 2, 2006 Order) in which, inter alia, the Court indicated that petitioner's pleadings contained statements, contentions, and

arguments that the Court found to be frivolous and groundless.[9]
In that Order, the Court reminded petitioner about section
6673(a)(1) and admonished him as follows:

> In the event that petitioner continues to advance
> frivolous and/or groundless statements, contentions,
> and arguments, the Court will be inclined to impose a
> penalty not in excess of $25,000 on petitioner under
> section 6673(a)(1), I.R.C.

On March 17, 2006, the Court received from petitioner a
pretrial memorandum (petitioner's pretrial memorandum) that the
Court had filed as of that date.  Petitioner's pretrial memoran-
dum contained (1) certain statements, contentions, arguments,
and/or requests that, although stated somewhat differently, are
very similar to certain statements, contentions, arguments,
and/or requests that petitioner previously advanced and
(2) certain additional statements, contentions, arguments, and/or
requests that petitioner did not previously advance and that the
Court finds to be frivolous and/or groundless.

## Discussion

### Jurisdictional Matter

The Court does not have jurisdiction over a frivolous return
penalty under section 6702.  Van Es v. Commissioner, 115 T.C.

---

[9]The frivolous and/or groundless statements, contentions,
and/or arguments in petitioner's amended petition are very
similar to the frivolous and/or groundless statements, conten-
tions, and/or arguments in the petitions filed with the Court by
certain other taxpayers.  See, e.g., Copeland v. Commissioner,
T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

324, 328-329 (2000). The Court will sua sponte dismiss this case for lack of jurisdiction insofar as the amended petition seeks review of the notice of determination as it relates to a frivolous return penalty under section 6702 with respect to petitioner's taxable year 1998.

Respondent's Motion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to the notice of deficiency that respondent issued to him relating to his taxable years 1992, 1993, and 1994. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined

in the notice of determination with respect to petitioner's taxable years 1992, 1993, and 1994.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), we now consider sua sponte whether the Court should impose a penalty on petitioner under that section. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

In the Court's March 2, 2006 Order, the Court, inter alia, indicated that petitioner's pleadings contained statements, contentions, and arguments that the Court found to be frivolous and groundless. In that Order, the Court reminded petitioner about section 6673(a)(1) and admonished him that, in the event he continued to advance frivolous and/or groundless statements, contentions, and arguments, the Court would be inclined to impose a penalty not in excess of $25,000 on him under section 6673(a)(1).[10] Despite the admonitions in that Order, on March 17, 2006, the Court received from petitioner and had filed as of

---

[10]Before petitioner commenced the instant proceedings, respondent informed petitioner in the attachment to the notice of determination that in Pierson v. Commissioner, 115 T.C. 576 (2000), "the taxpayer argued that he had no income subject to tax * * *. The Tax Court found this position groundless."

that date petitioner's pretrial memorandum that contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless statements, contentions, arguments, and/or requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,000.

We have considered all of petitioner's statements, contentions, arguments, and/or requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.